UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA RENA CRAWFORD<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | No. 1:14-cv-03126-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Motion for Summary Judgment, ECF No. 17. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Leisa A. Wolf.

**I.    Jurisdiction**

On December 3, 2010, Plaintiff filed a Title XVI application for supplemental security income (SSI). Plaintiff alleged she is disabled beginning June 18, 2010, due to developmental disability and depression.

Her application was denied initially on June 13, 2011, and again denied on reconsideration on December 14, 2011. A timely request for a hearing was made. On February 23, 2013, Plaintiff appeared at a hearing in Yakima, Washington

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

before Administrative Law Judge (ALJ) Stephanie Martz, who presided over the hearing by video from Seattle. Vocational expert Mark A. Harrington also appeared at the hearing. Plaintiff was represented by attorney D. James Tree.

The ALJ issued a decision on March 19, 2013, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on July 3, 2014. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on September 3, 2014. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 416.972(a); *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

substantial activity, benefits are denied. 20 C.F.R. § 416.971. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f).  If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV.    Statement of Facts

At the time of the hearing, Plaintiff was 35 years old. She did not graduate from high school, dropping out after the ninth grade and has not obtained her GED. When in school, she attended mostly special education classes. Plaintiff has

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

four children, who at times have been placed in foster care. Plaintiff's IQ is below 70 and she also suffers from depression.

She has prior employment that she obtained through People For People or Opportunities Industrialization Center (OIC), including work as an activities assistant at Blossom House, an assisted living home for seniors. She also worked part-time as a janitor in a bar for a short time.

**V.    The ALJ's findings**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 3, 2010, the application date. (Tr. 21.)

At step two, the ALJ found Plaintiff has the following severe impairments: depression, cognitive disorder, and amphetamine dependence in remission. (Tr. 21.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listings 12.02 (Organic Mental Disorders); 12.04 (Affective Disorders); 12.05 (Intellectual Disability) and 12.09 (Substance Addiction Disorders). (Tr. 24.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: She can understand, remember and carry out simple, routine tasks for two hour periods throughout the workday with normal breaks. She can have incidental brief contact with the general public but should not engage in work tasks that require her to have contacts with any significance with regard to completion of her actual job tasks. (Tr. 27.)

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. (Tr. 31.)

At step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 31.) The ALJ relied on the testimony of the vocation expert and concluded that Plaintiff would be able to

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

perform the requirements of representative occupations such as housekeeper, folder of shirts, and street cleaner. As a result, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since December 3, 2010.

## VI. Issues for Review

1. Whether Plaintiff meets the requirements of Listing 12.05C?

2. Whether the ALJ's credibility determination is supported by substantial evidence?

## VII. Analysis

### 1. Step 3 Analysis - Listing 12.05C

Step 3 of the sequential evaluation process requires the ALJ to determine whether plaintiff's impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is presumptively disabled and entitled to benefits if she meets or equals a listed impairment. To meet a listed impairment, a disability claimant must establish that her condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999). To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings at least equal in severity and duration to each element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. § 404.1526).

"The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If [a claimant's] impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that [the claimant's] impairment meets the listing." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00A.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

Section 1205 provides:

Mental retardation refers to significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period: *i.e.* the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.

\*\*\*

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3. Marked difficulties in maintaining concentration, persistence, or pace; or
    4. Repeated episodes of decompensation, each of extended duration.

A formal diagnosis of mental retardation is not required to meet Listing 12.05C. *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006); *see also Pedro v. Astrue*, 849 F.Supp.2d 1006, 1010 (D. Or. 2011) (noting that although the Ninth Circuit has yet to rule on this issue, several district courts within the Ninth Circuit have so concluded). "A claimant may use circumstantial evidence to demonstrate adaptive functioning deficits, such as 'attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history.'" *Id.* at 1012 (citing *Campbell v. Astrue*, 2011 WL 444783, \*17 (E.D. Cal. Feb. 8, 2011); *Gomez v. Astrue*, 695 F.Supp.2d 1048, 1058–59 (C.D. Calif. 2010)).

Under Paragraph C, an impairment imposes a "significant work-related

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1  limitation of function" when "its effect on a claimant's ability to perform basic
2  work activities is more than slight or minimal." *Fanning,* 827 F.2d at 633. This is
3  essentially the same standard used to determine if an impairment is severe at step
4  two. *See Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996).

   The ALJ concluded that Plaintiff did not meet the listing of 12.05(D), but did not expressly analyze whether she met the listing of 12.05(C), although the ALJ ultimately concluded that "even if the claimant had a severe mentally determinable impairment in this area, she would not meet the listing because she does not have deficits in adaptive functioning manifesting before the age of twenty-two." (Tr. 27.)

   Plaintiff argues the ALJ erred in finding that she failed to demonstrate that she had deficits in adaptive functioning before the age of twenty-two because she submitted a Special Education Assessment Summary from October 11, 1998, when Plaintiff was 10 years old. Under the heading "ADAPTIVE BEHAVIOR," the results of the Vineland Adaptive Behavior Scales demonstrated that she was functioning at a 5-6 Age Equivalent.

   The Court agrees. The record clearly demonstrates that Plaintiff met her burden of showing her adaptive functioning deficits existed prior to the age of 22. Circumstantial evidence exists in the record to support adaptive functioning deficits prior to the age of 22: Plaintiff attended special education classes throughout her schooling; her academic skills in reading, spelling and math are significantly below the 9th grade level, with particularly deficient math skills; she did not graduate from high school; does not have her GED; and has a poor work history that is generally short term and low skilled. The Special Education Assessment specifically indicates deficits in adaptive functioning. Thus, the ALJ's finding that there was "no evidence" of deficits in adaptive functioning prior to age 22 is not supported by substantial evidence.

   Additionally, the record demonstrates that Plaintiff meets the criteria of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

Paragraph C because the ALJ found that Plaintiff had an additional severe impairment of depression. *Fanning v. Brown* 327 F.3d 631, 633 n.3 (1987) (noting that a step 2 finding of a severe impairment satisfies the 12.05(C) requirement, although also indicating that a specific severity finding is not required to satisfy this standard). Consequently, the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence. *See id.* at 634 ("If [the claimaint] suffers from the impairment listed in section 12.05(C), and the impairment meets the 12 month duration requirement specified by statute, . . . he must be found disabled without consideration of his age, education, and work experience.") 20 C.F.R. § 416.920(d); *see Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (Secretary has statutory authority to relieve claimant with listed impairment of burden of proving inability to perform prior work.")) (citations omitted).

Because Plaintiff meets the Listing of 12.05C, the proper remedy is to remand for an immediate award of benefits. The record is fully developed and further proceedings "would serve no useful purpose." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.
2. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.
3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.
4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.
5. Application for attorneys fees may be filed by separate motion.

///
///
///
///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 8th day of January, 2016.



                                    Stanley A. Bastian
                                    United States District Judge